ESSEX COUNTY ORPHANS COURT.

In the matter of the estate of ELIZA A. HAMPSON, deceased.

[Decided June 30th, 1926.]

**Wills—Construction—Distribution of Estate—Provision Made in Will for Distribution of Part of Estate After Death of Husband and Sister—This Estate to go to Numerous Beneficiaries, Their Issue, or to Their Survivors, as the Case May be—Estate Not Ready for Distribution Until Thirty-three Years After Testator's Death—Many Beneficiaries Died in Meantime—Opinion Directs Nature of Decree.**

On petition for decree of distribution.

*Messrs. Lindabury & Steelman,* for the petitioner.

CAFFREY, J.

This is an application by the Federal Trust Company, as substituted administrator, for a decree of distribution in the estate of Eliza A. Hampson, who died testate on the 6th of November, 1890. Joseph Hampson, the husband of the testator, was appointed executor of the will and testament, and, up to the time of his death, in October, 1923, he had made a complete distribution of the estate, with the exception of two parcels of real estate hereinafter referred to in paragraphs six and seven of the will. This property could not be disposed of until the death of Lucinda Clarkson and the said Joseph Hampson.

Paragraph six reads as follows:

"*Sixth.* After the decease of my husband, Joseph Hampson, and my sister, Lucinda Clarkson, I desire my real estate to be sold as soon as convenient, to the best interest of the estate, and divided as follows: George Bowles, of Nottingham, England; Amelia Kilburn, wife of Jabez Kilburn, of Newark, New Jersey; Ellen Graves, wife of Charles Graves, of Plainfield, New Jersey, to receive one-half of the money divided into three equal parts. If any of the cousins above named should die before my husband and sister, his or her share will descend to their issue, if no issue to their survivors."

And the seventh paragraph reads as follows:

"*Seventh.* The balance of the money from the sale of my real estate to be divided into five equal parts, namely—Thomas Warner, of Newark, New Jersey; James Warner, of Newark, New Jersey; Charles Warner, of Newark, New Jersey; Eliza Pettigrove, wife of James Pettigrove, of Newark, New Jersey; Mary Schofield, wife of George Schofield, of Newark, New Jersey. If any of the last-named cousins should die before my husband and sister his or her share will descend to their issue, if no issue to their survivors."

The funds in the hands of the petitioner, amounting to $10,455.02, represent the proceeds from the real estate which was sold after the death of Joseph Hampson and Lucinda Clarkson. Lucinda Clarkson died March 23d, 1911, and Joseph Hampson, as mentioned before, died in October, 1923. George Bowles died on or about January 27th, 1917, without issue, and Amelia Kilburn died on or about March 14th, 1909, leaving three children her surviving, Isaac B. Kilburn, Clara E. Kilburn and Mary J. Jennings. The third beneficiary, mentioned in paragraph six, Ellen Graves, is still living.

The substituted administrator is in doubt as to whom the intererst of George Bowles should pass. Its query is, Should the one-sixth which he held as a remainderman pass to Ellen Graves, the only surviving legatee under paragraph six, or should it be divided, one-half of Bowles' interest to pass to her and the other half to pass to the children of Amelia Kilburn, above enumerated? The answer to this question depends upon the meaning of the word "survivors." Counsel for the petitioner has submitted a brief as *amicus curiæ*, and whose careful preparation has aided the court in determining this issue. In *37 Cyc. 628*, the word "survivor" is defined as follows:

"A relative term which is dependent on context for meaning, which may be either a word of limitation of an estate [denoting the interest persons are to take], or may denote a class of persons; and, broadly speaking, includes all persons who outlive another, but in common parlance is universally applied only to members of a class of persons; in its ordinary as well as legal signification, one who outlives another; one or two or more persons who lives after the other or others have deceased; in its natural and obvious meaning,

not the person who shall survive a particular event, but when it is applied to a class of persons, and individuals of that class named, the. longest liver of those named."

. And on page 629 this language is used:

"The words in their natural import refer to the one who shall survive the other, and not to any particular event. Such words are construed literally if no contrary intention appears, and the burden of proof is upon the party seeking to do violence to the literal meaning."

See, also, *Prendergast* v. *Walsh, 58 N. J. Eq. 149; Stout* v. *Cook, 79 N. J. Eq. 573; Cuskaden* v. *Steelman, 88 N. J. Eq. 554.*

As pointed out by Vice-Chancellor Berry *In re Collins, 4 N. J. Adv. R.* (at *p. 817*) :

"* * * the intention of the testator must prevail, and that intention must be gathered from the four corners of the will. All rules of construction are designed to determine that intention, and may be totally disregarded where their application would do violence to the plain intent of the testator, as disclosed by the language of the will. No rule of construction can be invariably applied to a certain word formula."

My reading of the sixth paragraph is that the application of the word "survivors" was intended in its literal sense. It follows, therefore, that Ellen Graves is entitled to George Bowles' share under this paragraph, or one-third of the entire estate, and Isaac B. Kilburn, Clara E. Kilburn and Mary J. Jennings are entitled to one-eighteenth of the entire estate.

The distribution under the seventh clause is made more difficult by reason of the facts as they will appear. The five legatees under that clause, Thomas Warner, James Warner, Charles Warner, Eliza Pettigrove and Mary Schofield, all predeceased the husband and sister of the testatrix. Thomas Warner died on or about February 9th, 1904, survived by four children, William H. Warner, Elizabeth Burke, Thomas C. Warner and Sadie H. Warner Brown. The said Sadie died on or about September 25th, 1923, leaving no issue or husband her surviving. James Warner died on or about

May 28th, 1907, survived by five children, Benjamin D. Warner, Frederick Warner, Alfred W. Warner, Wallace Warner and Lucinda Jones, all of whom are still living. Charles Warner died in or about March, 1906, survived by four children, Jennie M. Hague, Ida A. Davies, Mary Stahle and Harriet Warner Kiersted; and the said Mary Stahle has since died intestate on or about August 7th, 1918, leaving no issue or husband surviving her. The said Harriet Warner Kiersted died in or about April, 1911, survived by a husband who died in June, 1925, and two sons, Robert Kiersted and Dudley Kiersted, who are still living. Eliza Pettigrove died - on or about November 21st, 1903, survived by a daughter, Maud Petrucelly. She also left her surviving issue of deceased children as follows: Ada Eliza Mueller, the daughter of Britain Pettigrove, son of Eliza Pettigrove, which son died in about 1886, and Edith J. McLauran, also known as Edith J. Wayne, James P. Petersen and Gertrude L. Wright, three children of Ada Peterson, daughter of Eliza Pettigrove, which daughter died about 1895. Maud Petrucelly and the grandchildren of Eliza Pettigrove, above named, are still living, and Mary Schofield died on or about February 19th, 1911, leaving her surviving two sons, Arthur Schofield and Charles Schofield, also Florence L. Moreland, the daughter of a deceased son, Henry Schofield, who died about September, 1901. The son Arthur Schofield died about February 7th, 1913, unmarried, and the son Charles Schofield died about February 7th, 1912, leaving a widow, Ella M. Schofield, and nine children, viz., Ella W. Dunne, Charles Schofield, Ruth Schofield Sona, William Thomas Schofield, Mary Schofield, Lucy C. Schofield, Edith Schofield, Roy Schofield and Beulah Schofield, all of whom are still living. The said sons of Mary Schofied died intestate.

Taking for the first proposition under paragraph seven of the will, a consideration of Thomas Warner's interest. Upon his death in 1904, his one-tenth of the entire estate, as a remainderman, vested in his four children, share and share alike. Sadie H. Warner Brown, his daughter, died in September, 1923, and before the period of distribution. To

whom will her interest pass?   William H. Warner, Elizabeth Burke and Thomas C. Warner, brothers and sisters, claim as joint tenants.   On the other hand, the legal representatives of the estate of Sadie H. Warner Brown, who died testate outside of New Jersey, may claim her interest in the bequest to her father as part of his decedent's estate.   Taking the view that the gift to Sadie H. Warner Brown is a substitutionary one, falling in a class fixed at the date of the death of her parent, the rule laid down in *Redmond* v. *Gummere, 94 N. J. Eq. 219,* is applicable, wherein Vice-Chancellor Buchanan used this language:

"This is a gift to a class, the ascertainment of which class is to be made at the death of the parent.   The children surviving the deceased parent become immediately vested in the interest, in substitution for the parent.   The gift, however, being to them as a class, without words of severance or any other indication of a contrary intent, they take as joint tenants, and, hence, with the right of survivorship."   *Crane* v. *Bolles, 49 N. J. Eq. 373; Harris* v. *Tichenor, 28 N. J. Eq. 328.*

There are no words of severance or an expression of intention in the will that will change the character of the gift from a bequest to a class.   It follows, therefore, that the three surviving children will take as joint tenants as follows: William H. Warner, one-thirtieth of the entire estate; Elizabeth Burke, one-thirtieth of the entire estate; Thomas C. Warner, one-thirtieth of the entire estate.

There is no question as to the division of James Warner's one-tenth interest in the estate.   He predeceased the life tenants, leaving five children, all of whom are still living. The division of his interest will be as follows: Benjamin D. Warner, one-fiftieth of the entire estate; Frederick Warner, one-fiftieth; Alfred W. Warner, one-fiftieth; Wallace Warner, one-fiftieth; Lucinda Jones, one-fiftieth.

As mentioned before, Charles Warner died in 1906, survived by four children, two of whom, Harriet Warner Kiersted and Mary Stahle, have since died, Mrs. Kiersted leaving two children, Robert and Dudley Kiersted, and Mrs. Stahle without issue.   Following the rule laid down by Vice-Chan-

cellor Backes in *Skinner* v. *Boyd, 130 Atl. Rep. 23,* that a devise or bequest to issue and without qualification includes all descendants, and they share equally. See, also, *Inglis* v. *McCook, 68 N. J. Eq. 27,* and *Dennis* v. *Dennis, 86 N. J. Eq. 423.* In *Security Trust Co.* v. *Lovett, 78 N. J. Eq. 445,* this language is used: "The word issue, though in its popular sense is said to be children, is technically, and when not restrained by the context, co-extensive and synonymous with descendants, comprehending objects of every degree. And here the distribution is *per capita,* and not *per stirpes.*

Applying the settled law to the matter *sub judice,* Robert Kiersted and Dudley Kiersted are entitled to distribution on a *per capita* basis. The one-tenth interest of Charles Warner will be distributed as follows: Jennie M. Hague, one-fortieth of the entire estate; Ada A. Davies, one-fortieth; Robert Kiersted, one-fortieth; Dudley Kiersted, one-fortieth.

The question as to the distribution of the interest that would have passed to Eliza Pettigrove and Mary Schofield, under the seventh paragraph, had they survived the life tenant, is answered by the same reasoning and authorities referred to in discusisng the interest of Charles Warner. All of the descendants of the last-named remaindermen are entitled to a *per capita* distribution, as herein indicated, and referring to a prior recital as to the various descendants of Eliza Pettigrove and Mary Schofield, their respective interests of the entire estate will be divided as follows: Issue of Eliza Pettigrove—Maud Petrucelly, one-fiftieth of the entire estate; Ada Eliza Mueller, one-fiftieth; Edith J. McLauran (also known as Edith J. Wayne, one-fiftieth; James P. Petersen, one-fiftieth, and Gertrude L. Wright, one-fiftieth.

Issue of Mary Schofield—Florence L. Moreland, one one-hundredth of the entire estate; Ella W. Dunne, one one-hundredth; Charles Schofield, one one-hundredth; Ruth Schofield Sona, one one-hundredth; William Thomas Schofield, one one-hundredth; Mary Schofield, one one-hundredth; Lucy C. Schofield, one one-hundredth; Edith Schofield, one one-hundredth; Roy Schofield, one one-hundredth, and Beulah Schofield, one one-hundredth.

Counsel fee to be fixed at the time of entering decree.